UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00776-RGJ

CLARA HEUSER                                                                                                   PLAINTIFF

v.

T.H.E. INSURANCE GROUP                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant T.H.E. Insurance Group ("Defendant") moves to dismiss. (DN 12). The motion is now ripe for adjudication. For the reasons below, Defendant's motion is **GRANTED**.

### I.     BACKGROUND

On April 7, 2018, Plaintiff Clara Heuser ("Heuser") alleges she visited Renaissance/The Park, LLC ("Park"). (DN 1, ¶ 7). Heuser entered Park's laser tag arena where she was knocked over by a child who was running around the arena. (DN 1, ¶ 7). Heuser stumbled backwards, slipped, and tumbled down a two-story long ramp/stairway, suffering injuries. (DN 1, ¶ 8). As a result, Heuser sued Park's insurer, Defendant T.H.E. Insurance Group, asserting six causes of action. (DN 1, ¶¶ 11, 32-67). Defendant now moves to dismiss the entire action under Fed. R. Civ. P. 12(b)(6). (DN 12, at 1).

An action by Heuser against Park is pending in Jefferson Circuit Court with a jury trial scheduled for August 4, 2020. *Heuser v. Renaissance/The Park, LLC*, No. 18-CI-002410 (Ky. Cir. Ct. Nov. 25, 2019).

### II.     JURISDICTION

Diversity jurisdiction is present. Heuser is a Kentucky citizen while Defendant is a resident of and has its principal place of business in Louisiana, and the amount in controversy appears to

1

be over the $75,000 threshold. (DN 1, ¶¶ 1-2, 4); *see* 28 U.S.C. § 1332(a)(1). Heuser brings a claim under federal law, so federal question jurisdiction is also present, with supplemental jurisdiction afforded over Heuser's state law claims. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a); (DN 1, ¶¶ 61-67).

### III.  STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### IV.  **DISCUSSION**

Defendant moves to dismiss all six causes of action asserted by Heuser. Generally, when both federal and state law claims are before a federal court, a federal court is to apply federal law to the plaintiff's federal law claims and state substantive law to the plaintiff's state law claims. *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 737, 741 (6th Cir. 1999) (citations omitted); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996) ("Federal courts sitting in diversity apply state substantive law and federal procedural law."). The parties agree that

Kentucky state law forms the substantive law governing Heuser's state law claims. (DE 12, at 5; DN 15, at 3-4).

### A. Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing; Violation of 42 U.S.C. § 1981

Heuser's first cause of action is a breach of contract claim asserting that she "is an intended and contemplated but unnamed third-party beneficiary" of the "valid and existing insurance agreement (Policy) between Defendant T.H.E. and [Park]." (DN 1, ¶¶ 33-34). Heuser's second cause of action is implied breach of the covenant of good faith and fair dealing, which she also bases on a contractual relationship between herself and Defendant. (DN 1, ¶¶ 39-45). Finally, Heuser's sixth cause of action, a "[v]iolation of 42 U.S.C. § 1981[,]" by law requires "an impaired 'contractual relationship[]' . . . under which the plaintiff has rights . . . ." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (internal citation omitted).

This Court has already dealt with the legal theories presented by Heuser in a different case brought by Heuser's counsel, *Valdivia Merrero v. SECURA Insurance*, No. 3:18-CV-613-CRS, 2019 WL 321421 (W.D. Ky. Jan. 24, 2019). In *Merrero*, the plaintiff sued a driver-insured's insurance company after suffering injuries in a car accident. *Id*. at *1. Plaintiff asserted various claims, including breach of contract, breach of the implied covenant of good faith and fair dealing, and racial discrimination in violation of 42 U.S.C. § 1981. *Id*. Unlike here, where Defendant seeks dismissal, the insurance company in *Merrero* sought a stay pending a determination of liability in an ongoing state court case involving plaintiff and the driver-insured. *Id*. Regardless, this Court explained that an enforceable contractual "relationship simply does not exist between an insurance company and an injured plaintiff without a judgment finding liability on the part of the insureds." *Id*. at *2 (citing *Ky. Hosp. Ass'n Tr. v. Chicago Ins. Co.*, 987 S.W.2d 754, 755 (Ky. App. 1998); *Kowalski v. Holden*, 276 F.2d 359, 360-61 (6th Cir. 1960)). Without first obtaining

a judgment in her state court action against Park, Heuser's asserted causes of action premised on a contractual relationship fail as a matter of law.

Given Heuser's ongoing state court action against Park, the insured, Heuser's claims presume a contractual relationship that does not yet exist. This Court in *Merrero* stayed the plaintiff's action until it was to become ripe upon resolution of the state court action. *Merrero*, 2019 WL 321421, at *2-3. A dismissal for lack of ripeness is a dismissal without prejudice. *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) (citing *Alltel Tenn., Inc. v. Tenn. Pub. Serv. Comm'n*, 913 F.2d 305, 307 (6th Cir. 1990)). As a result, Heuser's first, second, and sixth causes of action will be dismissed without prejudice.

      **B.    Unfair Claims Settlement Practices in violation of KRS 304.12-230; Unfair Trade Practices**

Heuser's third cause of action is a claim for a violation of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), KRS 304.12-230. Heuser's fourth cause of action is for "Unfair Trade Practices." (DN 1, 9). Defendant has construed this to be a cause of action under the Kentucky Consumer Protection Act, KRS 367.170, and Heuser has not refuted this construction. (DN 12, at 10 n.8). This Court also dealt with these causes of action based on similar facts in *Merrero*. *Merrero*, 2019 WL 321421, at *1.

"[A]n insurance company's violation of the UCSPA creates a private cause of action . . . for those who have claims against the named insured . . . ." *Pryor v. Colony Ins.*, 414 S.W.3d 424, 433 (Ky. App. 2013) (citation omitted). "[A] third-party claimant may only sue the insurance company under USCPA when coverage is not contested or already established." *Id.* (citing *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 516 (Ky. 2006)). This Court in *Merrero* refused to recognize a cause of action under KRS 304.12-230 absent an enforceable contractual relationship between the injured party and the insurer, which does not exist here as explained above. *Merrero*, 2019

WL 321421, at *2. While "a legitimate dispute over liability [was] ongoing in the state court action [because] [t]he determination of [the federal] case will depend on the resolution of [the state court] case[]." *Id*. As before, Heuser has prematurely asserted a cause of action, a violation of KRS 304.12-230, that assumes a finding of liability on Park in her underlying state court action. *See id.* at *1. Heuser's claim in this regard will therefore be dismissed.

Heuser's claim under the Kentucky Consumer Protection Act lacks factual enhancement. The only specific factual allegation is that Defendant "has engaged in unfair trade practices, including said Defendant's failure to properly settle Plaintiff's claim(s)." (DN 1, ¶¶ 51-55). Heuser's claim depends on the same factual basis as her KRS 304.12-230 claim. The Kentucky Supreme Court in *Indiana Ins. Co. v. Demetre*, 527 S.W.3d 12 (Ky. 2017), recognized that claims against an insurance company premised on the failure to settle are bad faith claims no matter if brought under KRS 304.12-230 or 367.220. Further, the claims are analyzed under the same test:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Id.* at 26 (quoting *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000)). Heuser's claim for unfair trade practices therefore also fails for the same reason that her claim for a violation of KRS 304.12-230 does—it is premature. *See Merrero*, 2019 WL 321421, at *1-3 (staying plaintiff's claim for "unfair trade practices" pending final determination of underlying state court action). As a result, Heuser's claim for unfair trade practices is dismissed.

As before, because Heuser's third and fourth causes of action are essentially unripe, they will be dismissed without prejudice.

5

### C. Negligent Infliction of Emotional Distress

Heuser's fifth cause of action is a claim for negligent infliction of emotional based on the Kentucky Court of Appeals' decision in *Indiana Ins. Co. v. Demetre*, No. 2013-CA-000338-MR, 2015 WL 393041 (Ky. App. Jan. 30, 2015). (DN 1, at 9). Heuser's reliance on that intermediate appellate court's decision is misplaced. The Kentucky Supreme Court later granted discretionary review and rendered its own decision in *Indiana Ins. Co. v. Demetre*, 527 S.W.3d 12 (Ky. 2017). In any event, both cases reflect that what Heuser calls a cause of action is actually a type of damages recoverable, not a separate cause of action. *Demetre*, 527 S.W.3d at 15, 34, 38-40; *Demetre*, No. 2013-CA-000338-MR, at *2, *26-29. Heuser cites no authority in support of Kentucky recognizing a separate cause of action of for negligent infliction of emotional distress stemming from a bad-faith settlement claim against an insurance company. Instead, it appears to be a type of remedy available to a litigant who establishes the existence of bad-faith settlement practices. Much like the characterization of a plaintiff's punitive damages "claim," Heuser's emotional distress "claim" is an assertion of a remedy, and as this Court has explained "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012) (citations omitted). Further, Heuser did not address the arguments seeking dismissal of her negligent infliction of emotional distress claim and the court will not make those arguments for her. Heuser's negligent infliction of emotional distress claim will be dismissed with prejudice.

### V. CONCLUSION

For the reasons above, **IT IS HEREBY ORDERED** that Defendant Motion to Dismiss (DN 12) is **GRANTED**. Plaintiff's first, second, third, fourth, and sixth causes of action against Defendant are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's fifth cause of action against

Defendant is **DISMISSED WITH PREJUDICE**.  The Clerk shall strike this matter from the active docket.

cc:     counsel of record